IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01464-NYW

CENTER FOR BIOLOGICAL DIVERSITY and
FOOD & WATER WATCH,

        Plaintiffs,

v.

SWIFT BEEF COMPANY,

        Defendant.

## JOINT MOTION FOR ENTRY OF CONSENT DECREE

COME NOW the Defendant, Swift Beef Company and Plaintiffs Center for Biological Diversity and Food & Water Watch (collectively, the "Parties") through their undersigned counsel, and hereby move this Court for approval of the Consent Decree (No. 76-1).

**I.  Background**

On May 23, 2019 Plaintiffs Center for Biological Diversity and Food & Water Watch filed suit against Defendant Swift Beef Company alleging certain violations of the Federal Water Pollution Control Act, otherwise known as the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act"), arising from Defendant's operation of the Lone Tree Wastewater Treatment Facility in Greeley, Colorado. On January 21, 2021 Plaintiffs filed a Supplemental Complaint adding claims alleging certain violations of the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*. ("Supplemental Complaint"). Swift Beef Company denies the allegations in the Complaint and Supplemental Complaint.

Prior to the filing of the initial Complaint the parties engaged in the informal exchange of information and discussions regarding settlement. After the filing of the initial Complaint, Defendant moved to dismiss and the parties engaged in extensive written discovery, including the

exchange of expert witness reports for eight (8) experts. In July 2020, the parties again engaged in informal settlement discussions and to further those talks, on October 29, 2020, filed a Joint Motion for an Order Referring the Case for Settlement Conference/Mediation. (No. 61). The matter was referred to Magistrate Judge Hegarty by Minute Order dated November 4, 2020. (No. 63)

On December 3, 2020 the parties engaged in a lengthy mediation with Magistrate Judge Hegarty that resulted in a term sheet for resolution. (No. 73)  On December 8, 2020, the Court entered an Order acknowledging the parties' December 3, 2020 mediation, staying all deadlines for 75 days, and requiring the parties to submit the Consent Decree by March 8, 2021.

The parties negotiated the terms of a Consent Decree, which was lodged with the Court on January 20, 2021. (No. 76)  Contemporaneously, notice was provided to the Administrator of the U.S. EPA, the U.S. Attorney General, and the Regional Administrator for U.S. EPA Region 8 on January 20, 2021.  (No. 76)  The Department of Justice determined that the 45-day comment period ran through March 5, 2021.  On March 5, 2021, the parties received a letter from the U.S. Department of Justice addressed to the Clerk of the Court notifying the Court "that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court."  A copy of that letter is attached as Exhibit A to this Motion.

**II.      Summary of the Consent Decree**

Under the Consent Decree, Swift Beef agrees to the following:

(a)     Comply with the WET test limits and ammonia limits in its Clean Water Act permit for its Lone Tree Wastewater Treatment Facility.  In the event that Swift Beef violates the ammonia or WET test limits of its Clean Water Act Permit, a stipulated payment, in lieu of a civil penalty, may be imposed.

  (b) Implement the corrective measures provided by Woodard & Curran concerning the Lone Tree Wastewater Treatment Facility, as required by the Colorado Department of Health and Environment ("CDPHE") in its August 6, 2020 Notice of Violation/Cease and Desist Order.

  (c) Implement a technically feasible solution strategy (addressing operations at, and air emissions from, Swift Beef's salt evaporator at the Beef Plant) identified by Ramboll Engineering Company as set forth in Task 4 of the Ramboll Proposal.

  (d) Provide Plaintiffs with copies of documents submitted to CDPHE pertaining to Swift Beef's compliance with its Water Permit.

  (e) Make a payment, in lieu of a civil penalty, to the Southern Plains Land Trust in the amount of Three Hundred Thousand ($300,000) Dollars for ecological protection and enhancement along the South Platte River downstream of the Lone Tree Creek confluence;

  (f) Make a payment of Two Hundred Thousand ($200,000) Dollars to Plaintiffs for attorneys' fees and costs.

  The Consent Decree shall remain in effect for twenty-seven (27) months, provided that Swift Beef has completed the actions described in (b) and (c) above, and subject to any modification by the Court. The parties agree to a specific dispute resolution procedure and agree that the Court shall retain jurisdiction until the Consent Decree terminates.

**III. Standard of Review**

  A consent decree is a negotiated agreement that is entered as a judgment of the court. In considering whether to enter a proposed consent decree, a court should be guided by the general principle that settlements are encouraged. *United States v. North Carolina,* 180 F.3d 574,581 (4th Cir. 1999). Judge Arguello recently summarized the legal standard for entry of a consent decree as follows.

>A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528-29 (1986)…In *Firefighters*, the Supreme Court held that a federal consent decree must: (1) "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction;" (2) "come within the general scope of the case made by the pleadings;" and (3) "further the objectives of the law upon which the complaint was based." 478 U.S. at 525.
>
>The Court may either "approve or deny the issuance of a consent decree." *United States v. State of Colo.,* 937 F.2d 505, 509 (10th Cir. 1991) (citing *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985)). The Court of Appeals for the Tenth Circuit has explained:
>
>>Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.
>
>*Id*. (citing *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981)); *E.E.O.C. v. RCH Colorado, LLC*, No. 15-cv-02170-RM-NYW, 2016 WL 9735737, *2 (D. Colo. July 5, 2016).

*Wolf Resources, LLC v. Derner,* Civil Action 19-cv-00515-CMA-MEH (August 5, 2019).

In *Wolf*, as here, the parties jointly moved for entry of a consent decree that had been negotiated through a lengthy settlement conference with Judge Hegarty.

**IV.    The Consent Decree is Fair, Adequate, and Reasonable and is Not Illegal, A Product of Collusion, or Against the Public Interest**

   A.    <u>The Consent Decree is Fair, Adequate, and Reasonable</u>

Determining whether a consent decree is fair involves both procedural and substantive components. *Utah State Dep't of Health* v. *Kennecott Corp.,* 801 F. Supp. 553, 567 (D. Utah 1992)*; United States* v. *Telluride Co.,* 849 F. Supp. 1400, 1402 (D. Colo. 1994). To measure procedural fairness, a court should gauge the candor, openness, and bargaining balance of the negotiations that led to the consent decree. *Kennecott Corp.,* 801 F. Supp. at 567. *See also United States v.*

*Hooker Chem. & Plastics Corp.,* 607 F. Supp. 1052, 1057 (W.D. N. Y. 1985), *aff'd,* 776 F.2d 410 (2d Cir. 1985) (court should look to such factors as "the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation if the settlement is not approved"). "Substantive fairness flows from procedural fairness." *Telluride,* 849 F. Supp. at 1402.

The Consent Decree executed by the parties was negotiated in good faith and at arm's length among all the parties, all of whom were represented by counsel. The Consent Decree was the result of a lengthy mediation conducted by Judge Hegarty. As the Court in *Wolf* noted, "[t]hat the parties agreed upon the terms of their agreement during Magistrate Judge Hegarty's settlement conference suggests that the negotiation process was candid and open and that the parties' bargaining positions were relatively balanced – in short, that the negotiation process was fair." *Id.* (citing *Weiss*, 2013 WL 593912 at *2 (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990)) ("To measure procedural fairness, a court should look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance.")).

Here, the settlement conference lasted over 13 hours, the parties were all present and represented, and Magistrate Judge Hegarty was present throughout, including for the execution of the term sheet at the conclusion of the settlement conference. Therefore, the Consent Decree is fair, adequate, and reasonable.

B. <u>The Consent Decree is Not Illegal, a Product of Collusion, or Against the Public Interest</u>

Similarly, in *Wolf*, the Court held that Magistrate Judge Hegarty's involvement in the settlement process "strongly suggests" that the settlement was legal, legitimate, and furthered the public interest. Here, the Consent Decree is legal because it requires Swift Beef to comply with certain conditions of its federal Clean Water Act permit and directives from the CDPHE.

Further, the Consent Decree is in the public interest because it resolves the controversy without expensive and prolonged litigation and with due regard for the underlying federal interests.

## V. Conclusion

The Consent Decree is procedurally and substantively fair, adequate and reasonable, furthers the purposes of the Clean Water Act and Clean Air Act, and is in the public interest. The Consent Decree is not illegal, a product of collusion, or against the public interest. Accordingly, the parties respectfully request that the Court grant this Joint Motion and execute and enter the Consent Decree (No. 76-1) that has been lodged with the Court. By executing the Consent Decree and as agreed to by the parties, the Court is retaining jurisdiction until the Decree terminates.

Dated: March 8, 2021

Respectfully submitted,

/s/Kristopher J. Covi
Steven P. Case (NE Bar No. 16532)
Kristopher J. Covi (NE Bar No. 21462)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
scase@mcgrathnorth.com
kcovi@mcgrathnorth.com

and

Ann E. Prouty (CO Bar No. 41322)
Matthew D. Clark
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303)607-3600
Email: ann.prouty@faegrebd.com

*Attorneys for Defendant, Swift Beef Company*

*/s/Neil Levine*
Neil Levine
Public Justice
4404 Alcott Street
Denver, Colorado 80211
nlevine@publicjustice.net

Daniel Charles Snyder
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence Street
Eugene, OR 97401
dan@tebbuttlaw.com

Attorneys for Plaintiffs
*Center for Biological Diversity and Food & Water Watch*

Hannah Connor
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, Florida 33731
hconnor@biologicaldiversity.org

Attorney for Plaintiff
*Center for Biological Diversity*

Tarah Heinzen
Food & Water Watch
36 N Buffalo Street
Portland, OR 97217
theinzen@fwwatch.org

Attorney for Plaintiff
*Food & Water Watch*

# CERTIFICATE OF SERVICE

    I hereby certify that on March 8, 2021, I electronically transmitted this Joint Motion For Entry of Consent Decree using the CM/ECF System for filing and service on all registered counsel.

*/s/ Neil Levine*
Neil Levine